# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:10cv87
## [Criminal Case No. 1:07cr36]

| | |
|---|---|
| KEVIN MICHAEL LEITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On July 5, 2007, the Petitioner pled guilty to two counts of possession of firearms by a convicted felon, in violation of 18 U.S.C. §922(g), one count of possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Criminal Case No. 1:07cr36, at Doc. 13]. On April 7, 2008, Hon. Lacy H. Thornburg sentenced the Petitioner to 120 months imprisonment

on the felon in possession counts and 262 months imprisonment on the drug possession count, to be served concurrently. [Id., at Doc. 17]. The Petitioner was sentenced to a consecutive term of 60 months imprisonment on the count involving using and carrying a firearm during drug trafficking offenses. [Id.]. The Petitioner thus received a total sentence of 322 months imprisonment. [Id.].

The Petitioner did not file a direct appeal from his conviction or sentence. On April 22, 2010, the Petitioner filed the pending motion to vacate which contains within it a request that he be permitted to proceed with this "out-of-time" motion pursuant to the principles of equitable tolling.[1] [Doc. 1, at 4]. The Court construes this request as a motion for equitable tolling.[2]

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). However,

---

[1]The Petitioner's motion was signed under penalty of perjury on April 22, 2010 and his envelop was postmarked as having been mailed on April 22, 2010 although not filed in this Court until April 26, 2010. United States v. Marshburn, 166 F.3d 335 (4th Cir. 1998) (applying Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) to time for filing §2255 motion).

[2] The case was reassigned to the undersigned because Judge Thornburg has retired.

> [i]f it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court, having reviewed the Petitioner's Motion and the record of his underlying criminal proceedings, enters summary dismissal for the reasons stated herein.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA amended 28 U.S.C. §2255 by imposing a one year statute of limitations period for the filing of a motion to vacate. The amendment provides in pertinent part:

> A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

3

> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[3]

The Petitioner did not file a direct appeal from his conviction and sentence. As a result, the Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000), *citing* Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999); *accord*, United States v. Walker, 194 F.3d 1307 (4th Cir. 1999), *citing* Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

The Petitioner's Judgment in his criminal case was entered on April 7, 2008. Fed.R.App.P. 4(b)(1)(A)(i) & 4(b)(6) ("A judgment ... is entered for purposes of this Rule ... when it is entered on the criminal docket."); United States v. Neal, 166 F.3d 1211 (4th Cir. 1998); Eubanks v. United States, 2009 WL 1916352 (N.D.W.Va. 2009). At the time of the Petitioner's sentencing, Federal Rule of Appellate Procedure 4(b) provided that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 10 days

---

[3]The Petitioner does not argue, and the record does not support, grounds stated pursuant to §2255(f)(2) & (3).

4

after the ... entry of ... the judgment ... being appealed[.]" Fed.R.App.P. 4(b)(1)(A)(i) (2008). The Petitioner's conviction and sentence became final on April 21, 2008. Id.; Fed.R.Crim.P. 45(a) (2008) (then excluding intermediate Saturdays, Sundays and legal holidays from computation of filing deadlines when the period is less than 11 days). The Petitioner's motion pursuant to §2255 therefore must have been filed on or before April 21, 2009.

The Petitioner's motion, signed and mailed on April 22, 2010, on year and one day past the deadline, was untimely. In the motion, the Petitioner acknowledges that the motion is untimely but he moves for equitable tolling.

Even if the Petitioner had not raised the issue of the statute of limitations, federal district courts have the power to raise the defense of statute of limitations *sua sponte* when considering a §2255 motion. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); *accord* Eriline Co., S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006). When the court finds that a *pro se* motion pursuant to §2255 is untimely and the government has not moved to dismiss on that basis, the court must warn the prisoner that his case is subject to dismissal "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004); United States v. Sexton, 56 Fed.Appx. 202 (4th Cir. 2003).

Here, the Petitioner has raised the issue by moving for equitable tolling and providing reasons why tolling should apply to his case. Fuentes-Gonzales v. United States, 2009 WL 2497937 **1 n.1 (W.D.N.C. 2009), *appeal dismissed* 2010 WL 1784733 (4th Cir. 2010); Cureton v. United States, 2007 WL 1651437 (W.D.N.C. 2007), *appeal dismissed* 238 Fed.Appx. 973 (4th Cir. 2007).

The Petitioner first argues that because he did not file a direct appeal, his conviction and sentence never became final and thus, the one year period within which to file the §2255 motion never began to run. [Doc. 1-1, at 2]. As noted *supra*, the Petitioner's conviction and sentence became final when the time within which he could file a direct appeal expired. Johnson, 203 F.3d 823; Kapral, 166 F.3d at 577; Walker, 194 F.3d 1307. The Petitioner's conviction and sentence became final on April 21, 2008 and the period within which he must have filed a §2255 motion began to run on that date.

The Petitioner's second argument is that his limitations period should be tolled because his attorney failed to honor his request for a direct appeal. The Petitioner states he informed his attorney that he wanted to appeal the sentence because he had been told he would not be sentenced as a career offender. [Doc. 1-1, at 2]. According to the Petitioner, his attorney said he would "take care" of it. [Id.]. The Petitioner states that over the next one and

6

a half years, he tried numerous times to contact his attorney without success. [Id.]. The Petitioner finally called the Clerk of Court and learned that no appeal had been filed. [Id.]. The conduct of the Petitioner's attorney was "beyond his control" and therefore presents "extraordinary circumstances" which warrant tolling. [Id., at 3].

A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Sosa, 364 F.3d at 512; Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*), *certiorari denied* 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004). The grounds raised in this §2255 motion are that the government failed to file notice pursuant to 21 U.S.C. §851 of the Petitioner's prior convictions;[4] his attorney advised him that he would not be sentenced as a career offender; the government promised in the plea agreement that it would not seek career offender status;[5] counsel did not object to the presentence report; and the career offender status was improperly imposed. Each of these claims was known to the

---

[4]The record shows that the government in fact did file such notice. [Criminal Case No. 1:07cr36, at Doc. 11].

[5]The plea agreement actually contained a provision advising that if the Probation Office determined the Petitioner was a career offender, that determination would apply at sentencing. [Criminal Case No. 1:07cr36, at Doc. 12].

Petitioner and available to him as of the day he was sentenced. Pace, 544 U.S. at 418-19. At sentencing, the Petitioner was advised of the ten day period within which he must file an appeal. Oiler v. United States, 2009 WL 1073639 (S.D.W.Va. 2009), *appeal dismissed* 333 Fed.Appx. 788 (4th Cir. 2009). Moreover, the failure of counsel to file an appeal in no manner prevented the Petitioner from filing a motion to vacate asserting the grounds raised herein. United States v. Koenig, 2010 WL 1463409 (D.S.C. 2010). To the extent that the Petitioner might claim he was unaware he could file a §2255 motion prior to the appeal, "ignorance of the law is not a basis for equitable tolling." Sosa, 364 F.3d at 512. A "petitioner's *own* ignorance or mistake does not warrant equitable tolling... ." Id., *citing* United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), *certiorari denied* 539 U.S. 952, 123 S.Ct. 2630, 156 L.Ed.2d 645 (2003).

Assuming *arguendo* that the Petitioner did request that his attorney file an appeal, "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), *certiorari denied* 539 U.S. 933, 123 S.Ct. 2590, 156 L.Ed.2d 515 (2003), *citing* Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but see, Holland v. Florida, 130 S.Ct. 2549, 78 USLW 4555 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence

8

exercised by prisoner).[6]  The Petitioner has not alleged "serious attorney misconduct–such as telling a defendant a [direct appeal] had been filed when it had not been[.]" Rice v. United States, 2009 WL 1740505 (D.Md. 2009), *appeal dismissed* 347 Fed.Appx. 949 (4th Cir. 2009), *citing* United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005).  The Petitioner stated that he "informed" his attorney he wanted to appeal and the attorney said he would "take care of it."  Rice, supra.  Had the Petitioner exercised due diligence, he would have discovered that his attorney did not file an appeal long before the expiration of the one year deadline. United States v. Bear, 2010 WL 2773309 **2-3 (W.D.Va. 2010) ("Bear does not present any facts regarding how counsel's failure to file a notice of appeal prevented Bear from filing a timely §2255 motion.").  The fact that this information was readily accessible to the Petitioner is shown by his acknowledgment that he received it after a single inquiry to the Clerk of Court. [Doc. 1-1, at 2]. Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000), *certiorari denied* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63

---

[6]In Holland, the attorney had been appointed for the express purpose of pursuing postconviction relief for the prisoner.  The Court pointed to many instances of Holland's attempts to get his attorney's attention, including efforts by his wife.  The attorney failed to respond for years to letters and phone calls and even failed to advise his client that the state court had ruled against him.  He missed the filing deadline for the habeas petition although the prisoner had alerted the attorney to it.  Holland repeatedly contacted the court system and even the state bar in an attempt to have the attorney removed from the case.  The attorney was the singular impediment to the filing of his petition.  Finally, on the day that the prisoner learned the statute had run, he filed a *pro se* petition.  The Holland decision therefore represents a far different factual scenario than that shown here.

(2000) (circumstances beyond prisoner's control occur if he is prevented in an extraordinary way from exercising his rights); Harris, 209 F.3d at 325 (unfamiliarity with legal process, lack of representation insufficient). He therefore has not shown an extraordinary circumstance which prevented him from timely filing this petition. On these facts the Court is compelled to find that the Petitioner did not act with due diligence.

"[E]quitable tolling is available only in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Sosa, 364 F.3d at 512, *quoting* Rouse, 339 F.3d at 246. The Court cannot find that the Petitioner has made such a showing. United States v. Prescott, 221 F.3d 686, 688 (4th Cir.2000) (equitable tolling is an extraordinary remedy that is sparingly granted). The Petitioner's motion pursuant to §2255 therefore will be dismissed.

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy §

2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is dismissed.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: August 9, 2010

Martin Reidinger
United States District Judge