# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:07-cr-00036-MR

| | |
|---|---|
| KEVIN MICHAEL LEITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a review of the Petitioner's "Motion for Post-Conviction Relief Pursuant to <u>Johnson v. United States</u>, 576 U.S. __, 135 S. Ct. 2551 (2015)." [Doc. 32]. For the reasons that follow, Petitioner's motion will be treated as a successive § 2255 motion and will be dismissed.

## I. BACKGROUND

The Petitioner pleaded guilty to two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Counts One and Six); one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). On

March 28, 2008, the Court sentenced him to a term of 120 months' imprisonment for Counts One and Six, a term of 262 months' imprisonment for Count Three, to be served concurrently with Counts One and Six; and a term of 60 months' imprisonment for Count Five, to be served consecutively to the terms imposed for Counts One, Three, and Six, for a total of 322 months' imprisonment on March 28, 2008. [Doc. 17]. The Petitioner did not file a direct appeal.

On April 26, 2010, the Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 21]. On August 9, 2010, the Court dismissed the Petitioner's § 2255 motion as untimely. [Doc. 22].

The Petitioner now seeks a motion for relief under the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). In his motion, the Petitioner requests that the Court <u>not</u> construe his motion as a motion filed pursuant to 28 U.S.C. § 2255, but rather only as "a motion for relief under <u>Johnson</u>." [Doc. 32 at 1].

## II. DISCUSSION

The relief sought by Petitioner in the present motion is relief he could obtain only through a successful § 2255 proceeding. Accordingly, the Court must treat his motion as a successive motion brought pursuant to § 2255.

See Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion.

Therefore, this Court is without jurisdiction to consider the merits of the present § 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Post-Conviction Relief Pursuant to Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015)" [Doc. 32] is **DISMISSED** as an unauthorized, successive § 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 9, 2016

Martin Reidinger
United States District Judge