# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00216-MR
# (CRIMINAL CASE NO. 1:07-cr-00036-MR-1)

| | |
|---|---|
| KEVIN MICHAEL LEITE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [Doc. 1]. Also pending before the Court are the following motions by Petitioner: (1) Motion for Place Holder for 2nd 2255 Motion [Doc. 2]; (2) Motion to Appoint Counsel [Doc. 3]; and (3) Motion to Proceed in Forma Pauperis [Doc. 4]. No response from the Government is necessary. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate.

## I.  BACKGROUND

On July 5, 2007, *pro se* Petitioner Keith Michael Leite pleaded guilty to two counts of possession of firearms by a convicted felon, in violation of 18

U.S.C. §922(g), one count of possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Criminal Case No. 1:07-cr-00036-MR-1 ("CR"), Doc. 13: Acceptance and Entry of Guilty Plea]. On April 7, 2008, this Court sentenced Petitioner to 120 months' imprisonment on the felon in possession counts and 262 months' imprisonment on the drug possession count, to be served concurrently. [CR Doc. 17: Judgment]. Petitioner was sentenced to a consecutive term of 60 months' imprisonment on the count involving using and carrying a firearm during drug trafficking offenses. [Id.]. Petitioner thus received a total sentence of 322 months' imprisonment. Petitioner did not file a direct appeal from his conviction or sentence. Petitioner filed his first 28 U.S.C. § 2255 petition on April 22, 2010, which this Court subsequently dismissed with prejudice as time-barred on August 9, 2010. [See Civil No. 1:10-cv-00087-MR (W.D.N.C.)].

Petitioner placed the instant Section 2255 petition in the prison system for mailing on June 23, 2016, again challenging his conviction and sentence in Criminal Case No. 1:07-cr-00036-MR-1. In the instant petition, Petitioner seeks relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner also filed the following motions with the

petition: (1) Motion for Place Holder for 2nd 2255 Motion; (2) Motion to Appoint Counsel; and (3) Motion to Proceed in Forma Pauperis.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file

3

a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Indeed, on July 14, 2016, the Fourth Circuit expressly denied Petitioner's motion for authorization to file a successive petition to bring a Johnson claim. [See Doc. 5]. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that

4

the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. Petitioner's (1) Motion for Place Holder for 2nd 2255 Motion [Doc. 2]; (2) Motion to Appoint Counsel [Doc. 3]; and (3) Motion to Proceed in Forma Pauperis [Doc. 4] are all **DENIED**.

3. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 26, 2016

Martin Reidinger
United States District Judge